### I. L. Fulsom v. The State.

No. 3586.   Decided December 5, 1906.

**Fraudulent Use of Questions—Examination of Teacher—Insufficiency of Evidence.**

Where upon trial for fraudulently using questions prepared by the State Superintendent of Public Instruction, etc., there was no positive testimony that the answers found in possession of defendant were in his handwriting, or in the handwriting of some one else, or how he secured them, or who prepared them; or that the bundle of papers found in his possession was the bundle he was seen to have taken out of his desk, etc.   Held, that the same was insufficient to sustain a verdict of conviction.

Appeal from the County Court of Leon.   Tried below before the Hon. J. F. Chatham.

Appeal from a conviction of the fraudulent use of questions in examination of teacher; penalty, a fine of $100 and twenty days confinement in the county jail.

· The opinion states the case.

No brief on file for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was under section 124a of the Acts of the Twenty-Ninth Legislature, for fraudulently using questions prepared by the State superintendent of public instruction for the examination of teachers for certificates.   Many of the questions raised by appellant are discussed by this court in Gabriel Felder v. State, decided November, 9, 1906.

State's witness Chatham testified that he received a package by mail containing the questions to be used at the September, 1905, examination in Leon County, and delivered these questions to Prof. A. V. Bird, one of the board of examiners; that he also received a letter from the superintendent of public instruction stating that he had sent the questions.

· Dove testified that he was a   member of the school board which held the examination, and saw the questions used in the possession of Bird on that morning:   "Sometime during the morning of Friday we noticed that several parties sent up papers finished which had a similarity of answers, and from then on we kept a close watch on these parties. In the evening of the same day I saw I. L. Fulsom take a bundle of papers out of his desk and place them under his coat.   He went out of the schoolhouse and I followed him.   He said he was going down on the branch, and I told him he did not have time, as another subject would be taken up shortly.   I turned him in a little house, and while there he began tearing off some of the paper he had in the bundle, and I told him not to use that paper, and gave him some more.

He used the paper I gave him. He came out and said he was going up town to see a party. I followed him for about three hundred yards, and then he was overtaken by the sheriff, who arrested Fulsom. The sheriff took from Fulsom a package or bundle of papers. I recognize the paper taken from I. L. Fulsom as containing fairly good answers to the questions on Texas History that were used at the September examination. * * * I have examined the papers found on Fulsom and find them under the name of E. G. Williams, but do not think the answers which he had were in Williams' handwriting. I am not positive that they are in the handwriting of Fulsom. I think Texas History was about the third subject placed before the applicants. All of Fulsom's answers to Texas History were fairly good. * * * I do not know when he secured the answers found in his possession. I do not know who prepared them. I can't say that he did not prepare them. I do not know for certain that the bundle of papers found in his possession was the bundle he took out of his desk. From the time he left the schoolhouse to his arrest, there was an intermission of about twenty-five minutes. I was with Fulsom all the time from the time he left the schoolhouse until he was arrested, and if he got another bundle of papers I did not see him."

Vann, sheriff of Leon County, testified that he arrested Fulsom on Friday, September 1, 1905, and took from him a bundle of papers. "He had the papers under his coat. I gave the bundle to J. M. Chatham, county judge, and I identify this bundle as the same bundle." We do not believe this evidence is sufficient to sustain the allegations of the indictment. The judgment is reversed and the cause remanded.

*Reversed and remanded.*